NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0245n.06

No. 25-3808

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 29, 2026
KELLY L. STEPHENS, Clerk

DANIEL LONERGAN,

        Plaintiff-Appellant,

v.

GALLAGHER SHARP, LLP,

        Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

Before: BOGGS, CLAY, and GILMAN, Circuit Judges.

**CLAY, Circuit Judge.** In his lawsuit under the Americans with Disabilities Act (the ADA), 42 U.S.C. § 12101 *et seq.*, and Ohio Revised Code § 4112.02, Plaintiff Daniel Lonergan appeals from the district court's order and judgment granting Defendant Gallagher Sharp, LLP's, motion for judgment on the pleadings, dismissing Plaintiff's complaint, and denying Plaintiff's motion for reconsideration. For the reasons set forth below, we **AFFIRM** the district court's order and judgment.

## I. BACKGROUND

### A. Factual Background

On review of a dismissal pursuant to Federal Rule of Civil Procedure 12(c), "we accept as true all of the factual allegations contained in the complaint." *Engler v. Arnold*, 862 F.3d 571, 573 (6th Cir. 2017) (citing *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)). According to his complaint, Plaintiff, a practicing attorney, "struggles with severe Attention Deficit Hyperactivity

Disorder" (ADHD). Compl., R. 1, PageID #2. After graduating from law school in 2020, Plaintiff began working for a law firm in Cleveland, Ohio, but had to leave "to address mental health concerns." *Id.* In July 2023, he began working as a litigation associate for Defendant, another law firm based principally in Cleveland.

Soon after starting at the firm, Plaintiff found it challenging to record billable hours "in the manner the firm desired." *Id.* at PageID #3. Plaintiff informed Defendant of his ADHD diagnosis and requested "modification[s] to job requirements" that Defendant "flatly denied." *Id.* at PageID #1. Members of Defendant's management told Plaintiff "that this was not their problem, and that [Plaintiff] should have figured out how to deal with [his] disability by this point in [his] life." *Id.* at PageID #3. Plaintiff "repeatedly approached partners at the firm and suggested accommodations," and they responded that his "suggestions simply would not work." *Id.* The complaint does not specifically describe the accommodations that Plaintiff proposed. According to Plaintiff, Defendant "refused to engage in a good faith discussion concerning possible accommodations." *Id.* at PageID #1.

In their briefing, the parties subsequently discussed additional details about the accommodations that Plaintiff had proposed to Defendant. For example, Plaintiff had suggested that a legal assistant might identify the projects on which Plaintiff worked each day and Plaintiff would "backfill" the time spent on each of them, that he be assigned only "flat-rate" projects, that a legal assistant could completely record his time on his behalf, or that the firm charge clients a discounted fee for Plaintiff's work. Ans., R. 6, PageID #20. But because this case comes to us at the pleading stage, we are limited to considering only the facts as pleaded by Plaintiff.

In any event, after Plaintiff and Defendant had discussed possible accommodations, Defendant placed Plaintiff on probation in December 2023, "until [he] showed that [he] could

properly bill hours." Compl., R. 1, PageID #3. Plaintiff tried to comply, "logging hours significantly above the standard required." *Id.* Still, a firmwide email in February 2024 prompted Plaintiff to check his time records, and he discovered that he had failed to release an entry for some weekend work. The Managing Partner sent Plaintiff an email stating that Plaintiff's conduct was "absolutely unacceptable" and that Plaintiff would need to "remedy this asap." *Id.* After that interaction, Plaintiff became "hopeless" and "all but checked out." *Id.* at PageID #4. In April 2024, Defendant terminated Plaintiff's employment.

### B. Procedural Background

In November 2024, proceeding *pro se*, Plaintiff filed this lawsuit against Defendant, claiming that Defendant violated the ADA and Ohio law by taking adverse employment action against him, failing to provide a reasonable accommodation, and failing to engage in a good-faith discussion to arrive at a feasible accommodation for Plaintiff's ADHD. He sought declaratory, injunctive, and monetary relief, including attorney's fees.

In January 2025, after filing an answer to Plaintiff's complaint, Defendant filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). Defendant argued that Plaintiff was "not a qualified individual" as defined by the relevant disability discrimination statutes because Plaintiff admittedly "could not perform an essential function of his Associate Attorney position—accurately recording and billing time—with or without reasonable accommodation." Mem. Supp. Mot., R. 7-1, PageID #52. In opposition, Plaintiff argued that the only relevant question was whether the complaint contained sufficient facts to set forth a cause of action and demand for relief. According to him, it did so. At the very end of his brief, Plaintiff added:

> Alternatively, if the Court should deem it proper, I ask leave to
> amend my Complaint to add the specific allegation that I would be

> capable of performing the job "without accommodation from the employer, with an alleged 'essential' job requirement eliminated; or with a proposed reasonable accommodation."

Pl.'s Opp'n Mot. J. Pleadings, R. 8, PageID #65 (citation omitted). Defendant's reply reiterated that the complaint lacked any plausible facts to support Plaintiff's claim that he could perform essential functions of his job with or without a reasonable accommodation.

The district court agreed with Defendant's argument and granted its motion in July 2025. *Lonergan v. Gallagher Sharp, LLP* (*Lonergan I*), No. 1:24-CV-02067-PAB, 2025 WL 1906998, at *8 (N.D. Ohio July 10, 2025). It held that the complaint lacked any factual allegations describing the accommodations that Plaintiff had requested. *Id.* at *6. Thus Plaintiff failed to plead that he would be qualified for the job with a reasonable accommodation. *Id.* at *6–7. And it rejected Plaintiff's request to amend his complaint because the single sentence in Plaintiff's brief, without a proposed amended complaint attached, was not a proper motion and "merely reiterate[d] the conclusory standard under the ADA." *Id.* at *7. Furthermore, Plaintiff had five months in which to file a formal motion to amend after Defendant's Rule 12(c) motion and did not do so. *Id.* The district court added in a footnote that the amendments would have been futile anyway because the accommodations Plaintiff had requested, according to the parties' briefing rather than the complaint, were per se unreasonable. *Id.* at *6 n.7, *7 n.9.

Plaintiff filed a motion for reconsideration. Relying on *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), he argued that he was not required to plead specific facts to survive a motion to dismiss and that the district court erroneously required a *prima facie* showing of Defendant's failure to engage in an interactive process. Defendant opposed the motion, noting that Plaintiff had not made the requisite legal arguments for reconsideration.

In September 2025, the district court again found in favor of Defendant. *Lonergan v. Gallagher Sharp, LLP* (*Lonergan II*), No. 1:24-CV-02067-PAB, 2025 WL 2578155 (N.D. Ohio Sept. 5, 2025). The district court held that although Plaintiff did not have to establish a *prima facie* case to avoid dismissal, he did have to allege facts to satisfy the elements of his claims "under some viable legal theory[,]" and "legal conclusions masquerading as factual conclusions w[ould] not suffice to prevent a motion to dismiss." *Id.* at *3 (quoting *Hamilton v. Shelby Cnty.*, No. 20-CV-2911-TMP, 2021 WL 1759859, at *4 (W.D. Tenn. May 4, 2021)). The district court found no "clear error of law [in] conclud[ing] that [Plaintiff] failed to plead a plausible claim for relief for failure-to-accommodate under the ADA." *Id.* at *4. The district court further reasoned that Plaintiff's interactive process theory failed because he failed to plead that he was a qualified individual as defined by the ADA, a threshold requirement for an actionable interactive process claim. *Id.* at *6.

Plaintiff appeals from the district court's July 10, 2025, judgment and September 5, 2025, order. On appeal, however, Plaintiff addresses only the district court's July 10 dismissal order, so he has forfeited any issue regarding the district court's September 5 reconsideration order. *See Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007) ("We decline to identify and address the arguments that Petitioner could have made but did not, and instead find that he has waived any possible challenge to the dismissal . . . .").

## II. DISCUSSION

On appeal, Plaintiff argues that his complaint sufficiently pleaded "that he had proposed specific accommodations that would have enabled him to complete the essential tasks of his position." Pl.'s Br. 7. He additionally argues that his requested accommodations—none of which, however, appeared in his complaint—were not unreasonable as a matter of law and that, if

Plaintiff's complaint was deficient, we should instruct the district court to permit him to amend it. Defendant counters that the complaint was devoid of any factual allegations identifying the accommodations that Plaintiff requested, that the law does not require Defendant to make the kinds of accommodations that Plaintiff requested, and that Plaintiff's request to amend the complaint was improper, unduly delayed, and futile.

## A. Judgment on the Pleadings

"We review de novo an order dismissing an action under Rule 12(c) of the Federal Rules of Civil Procedure and apply the same review standard as for review of a Rule 12(b)(6) motion to dismiss." *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (first citing *W.J. O'Neil Co. v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 629 (6th Cir. 2014); and then citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)). We accept all of Plaintiff's well-pleaded material allegations as true and grant the motion "'only if the moving party is nevertheless clearly entitled to judgment' as a matter of law." *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007)). "[W]e 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Winget*, 510 F.3d at 581–82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Thus a "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Hindel*, 875 F.3d at 346–47 (quoting *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)). It need not include "detailed factual allegations," but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[,] . . . a formulaic

recitation of the elements of a cause of action[, or] . . . 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (final alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Although we "'construe the complaint in the light most favorable to the plaintiff,' . . . [m]ere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Engler*, 862 F.3d at 574–75 (first quoting *Kottmyer*, 436 F.3d at 689; and then quoting *Iqbal*, 556 U.S. at 678). Those "rules . . . exist to keep litigants from sandbagging their opponents until they are on notice of what their allegations lack." *United States ex rel. Angelo v. Allstate Ins. Co.*, 106 F.4th 441, 454 (6th Cir.), *cert. denied*, 145 S. Ct. 550 (2024).

Although a plaintiff bringing an employment discrimination suit need not establish a *prima facie* case at the pleading stage, he still must plead facts showing that he is entitled to relief. *Swierkiewicz*, 534 U.S. at 508, 511. The ADA "prohibits 'discriminat[ion] against a qualified individual on the basis of disability' as it applies to aspects of employment including hiring, advancement, and firing." *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 848 (6th Cir. 2018) (alteration in original) (quoting 42 U.S.C. § 12112(a)). The statute includes in the definition of disability-based discrimination "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability . . . , unless . . . the accommodation would impose an undue hardship on the operation of the business . . . ." 42 U.S.C. § 12112(b)(5)(A). A qualified employee is one "who can perform the 'essential functions' of his job 'with or without reasonable accommodation.'" *Cooper v. Dolgencorp, LLC*, 93 F.4th 360, 368 (6th Cir. 2024) (quoting 42 U.S.C. § 12111(8)). Thus to state a claim, Plaintiff had to "plead facts

that make plausible the inference that (1) []he is disabled, (2) []he is qualified to perform [his] job requirements with or without reasonable accommodation, and (3) []he would not have been discharged but for the disability." *Darby v. Childvine, Inc.*, 964 F.3d 440, 444–45 (6th Cir. 2020) (citing cases). With respect to the second element, Plaintiff would ultimately have to show that he "propose[d] a reasonable accommodation" to Defendant. *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 812 (6th Cir. 2020) (citing *Walsh v. United Parcel Serv.*, 201 F.3d 718, 725–26 (6th Cir. 2000)). The parties do not dispute that the analysis of Plaintiff's state law claim mirrors the analysis of the ADA claim. *See Lonergan I*, 2025 WL 1906998, at *4 n.4 ("Both federal and Ohio discrimination actions require the same analysis." (quoting *Hazen v. Cleveland Clinic Foundation*, No. 21-cv-01965, 2022 WL 3083027, at *4 (N.D. Ohio July 29, 2022))); *Rosebrough v. Buckeye Valley High Sch.*, 690 F.3d 427, 431 (6th Cir. 2012) (reviewing Ohio and ADA disability discrimination claims together).

The district court correctly granted Defendant's motion for judgment on the pleadings. Plaintiff's complaint failed to adequately state a failure-to-accommodate claim. Plaintiff did not create the plausible inference that he is qualified to perform his job with or without a reasonable accommodation because he did not adequately plead the fact that he proposed any accommodation to Defendant, let alone a reasonable one. The complaint merely stated that Plaintiff had requested "a modification to job requirements" and "repeatedly approached partners at the firm and suggested accommodations . . . ." Compl., R. 1, PageID #1, 3. Those allegations are conclusory recitations of the reasonable accommodation element, devoid of any factual substance. Plaintiff failed to provide notice to both Defendant and the district court about what he believes would have constituted a reasonable accommodation that would have qualified him for the job. They were left to fill in the blanks. Even accepting all of Plaintiff's well-pleaded material allegations as true, the

district court did not have a basis to infer that Defendant could be liable for disability discrimination by failing to accommodate Plaintiff's requests.

Plaintiff's claim that Defendant failed to engage in the mandatory interactive process suffers from the same infirmity. The regulations under the ADA state, in relevant part, that "it may be necessary for the [employer] to initiate an informal, interactive process" to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 556 (6th Cir. 2008) (alteration in original) (quoting 29 C.F.R. § 1630.2(o)(3)). That process is mandatory, *id.*, "[b]ut an employer's failure to engage in the interactive process is actionable only if the employee can demonstrate that she was qualified for the position[,]" *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 395 (6th Cir. 2017) (quoting *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 766 (6th Cir. 2015) (en banc)). Without pleading facts to support that he proposed any accommodation, Plaintiff failed to plead that he was in fact qualified, as defined by the statute.

Plaintiff asserts that the issue of whether his requested accommodations were categorically unreasonable is better suited for resolution at a later stage of litigation. That might be the case if Plaintiff had included facts about his accommodation requests in his complaint, but he did not do that. In support of his position that the statements in his complaint were sufficient to survive Defendant's Rule 12 motion, Plaintiff cites district court and out-of-circuit cases that are neither binding on this Court nor persuasive. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014–15 (8th Cir. 2013) (concluding that the gender discrimination claims in plaintiff's complaint were conclusory and deficient); *Bernau* v. *Architectural Stainless, Inc.*, No. 17-cv-10766, 2017 WL 2831518, at *1, *4 (E.D. Mich. June 30, 2017) (stating that "no major issues exist with the [p]laintiff's pleadings regarding requesting reasonable accommodations" where plaintiff pleaded

that he had "returned to [work] with a doctor's note clearing him to work with restrictions"). Details presented in briefs are not a substitute for a proper pleading. *Cf. Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) ("[A] court considering a motion to dismiss 'must focus only on the allegations in the pleadings.' This does not include plaintiffs' responses to a motion to dismiss." (quoting *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020))). Because Plaintiff did not allege any accommodation requests in his complaint, we need not reach the issue of whether any of the accommodations that he requested were reasonable, would affect essential functions of the job, or would make Plaintiff qualified.

## B. Request to Amend the Complaint

Generally, we review a district court's denial of a motion to amend a complaint under the abuse-of-discretion standard. *Doe v. Michigan State Univ.*, 989 F.3d 418, 426 (6th Cir. 2021). When the district court denies a request to amend on the grounds that the amendment would be futile, meaning that it would not rescue the pleading from dismissal for failure to state a claim, we review that decision *de novo*. *Id.* at 426–27 (citing *Boulton v. Swanson*, 795 F.3d 526, 537 (6th Cir. 2015)). Although the district court stated in a footnote that an amendment describing the accommodations the parties discussed in their briefs would have been futile, it explained that it was denying Plaintiff's request to amend based on form and timing. *Lonergan I*, 2025 WL 1906998, at *6 n.7, *7 & n.9. Therefore, we review the decision under the abuse-of-discretion standard. That standard is "highly deferential . . . , and the district court's findings 'will be disturbed only if [the district court] relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard.'" *Doe*, 989 F.3d at 426 (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997)).

The district court did not rely on clearly erroneous facts, use the wrong legal standard, or misapply the proper standard. Federal Rule of Civil Procedure 15 states that, other than amendments as a matter of course (within 21 days of service of a pleading or a Rule 12 motion), "a party may amend its pleading . . . with . . . the court's leave[,]" which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a). The U.S. Supreme Court has explained that an opportunity for a litigant to amend his pleading is proper "absen[t] . . . any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's choice not to file a formal motion to amend in the five months between the Rule 12 motion and the district court's order constituted an unexplained and undue delay, justifying the district court's denial of the request.

Additionally, motions for leave to amend under Rule 15(a) are subject to Rule 7(b), which requires that a motion "state with particularity the grounds for seeking" a court order. Fed. R. Civ. P. 7(b); *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). And in service of Rule 15's directive that the court decide whether justice requires an opportunity to amend, we have recognized that the district court "must have before it the substance of the proposed amendment." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Roskam Baking Co. v. Lanham Machinery Co.*, 288 F.3d 895, 906 (6th Cir. 2002)). Therefore, a court "d[oes] not abuse its discretion in denying a motion to amend when a plaintiff 'submitted none of th[e] facts to aid the court in deciding whether justice required the court to grant leave to amend.'" *Id.* (second alteration in original) (quoting *Roskam*, 288 F.3d at 906). "Indeed, 'a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is

sought—does not constitute a motion within the contemplation of Rule 15(a).'" *Id.* at 469–70 (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004), *abrogated on other grounds by Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27 (2011)); *see also Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("A 'request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.'" (alteration in original) (quoting *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010))).

The district court could not properly assess whether justice required giving Plaintiff leave to amend because the request comprised a single conclusory sentence in Plaintiff's brief. Plaintiff's vague suggestion that he might "amend [his] Complaint to add the specific allegation that [he] would be capable of performing the job 'without accommodation from the employer, with an alleged "essential" job requirement eliminated; or with a proposed reasonable accommodation'" did not indicate the specific facts that he would add to his pleadings, if allowed. Pl.'s Opp'n Mot. J. Pleadings, R. 8, PageID #65 (citation omitted). And he did not explain why he excluded those facts in the first instance, beyond incorrectly asserting that a pleading does not require such details.

*Beydoun v. Sessions*, 871 F.3d 459 (6th Cir. 2017), is instructive in this regard. In that case, the plaintiff "never informed the district court of what facts he would use to supplement his claim . . . ." 871 F.3d at 470. Similarly, Plaintiff simply "requested leave to amend in a single sentence without providing grounds or a proposed amended complaint to support [his] request[,]" thus falling short of the Rule 7 particularity requirement. *Evans*, 434 F.3d at 853; *see also Forrester v. Am. Sec. & Prot. Serv. LLC*, No. 21-5870, 2022 WL 1514905, at *4 (6th Cir. May 13, 2022) ("[W]e have held that a district court may deny leave to amend when the plaintiff 'neither moved formally to amend nor proffered a proposed amended complaint.'" (quoting *United States*

*ex rel. Owsley v. Fazzi Assocs., Inc.*, 16 F.4th 192, 197 (6th Cir. 2021))).  Given the "throwaway language" at the close of Plaintiff's opposition memorandum and Plaintiff's choice not to provide a proposed amended complaint, "the district court did not abuse its discretion in refusing to allow [Plaintiff] to amend [his] complaint . . . ."  *Kuyat*, 747 F.3d at 444; *see also Swanigan v. FCA US LLC*, 938 F.3d 779, 789 (6th Cir. 2019) (holding that "the district court did not abuse its discretion" where "[p]laintiffs' request to amend came by a mere passing suggestion in their consolidated response to defendants' motions to dismiss[,] . . . [a]nd plaintiffs did not attach a proposed . . . amended complaint").

Plaintiff contends that he should be permitted to add facts to his complaint because they appeared "in a memorandum submitted to the Ohio Civil Rights Commission in preparation for this lawsuit, before the Complaint was even written."  Pl.'s Br. 8.  But that argument begs the questions:  Why were facts known to Plaintiff before he wrote the complaint omitted, and why should that omission be excused?  Plaintiff now further specifies that he would append to his complaint a medical questionnaire listing accommodations that his psychiatrist indicated would facilitate his work at the firm.  But he never mentioned that document before the district court, so it is not properly before us now.  *See Kusens v. Pascal Co.*, 448 F.3d 349, 368 (6th Cir. 2006) ("It is well-settled that issues not presented to the district court but raised for the first time on appeal are not properly before this Court.").  And he does not explain how those potential accommodations relate to the accommodations that he in fact requested.

Finally, Plaintiff asks that we examine his complaint leniently because he is proceeding *pro se*.  But Plaintiff raises that argument for the first time on appeal.  *See id.*  Furthermore, the appropriateness of granting such leniency is questionable when the litigant is a practicing attorney.  Plaintiff vigorously asserts that he is a qualified lawyer and touts the successes that he has achieved

on behalf of his clients in practice to-date. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) ("*Pro se* complaints are to be held 'to less stringent standards['] than formal pleadings *drafted by lawyers* . . . ." (emphasis added) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004))).

### III.  CONCLUSION

Plaintiff failed to state a claim with respect to Defendant's alleged violations of the Americans with Disabilities Act and Ohio's corresponding statute because he failed to set forth sufficient factual allegations that he was denied a reasonable accommodation for his alleged disability.  The district court did not abuse its discretion by denying Plaintiff's fleeting request to amend his complaint.  For the reasons set forth above, we **AFFIRM** the district court's order and judgment.